IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HILDA L. SOLIS, Secretary of Labor )
)
      Plaintiff, )
) Civil No. 11-1234
  v. )
)
UNION GENERAL DE TRABAJADORES )
)
      Defendant. )

## COMPLAINT

Plaintiff Hilda L. Solis, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the February 1, 2010 election of union officers conducted by Union General de Trabajadores (Defendant) for the offices of President, Vice President, Secretary-Treasurer, Sub Secretary-Treasurer, Secretary of Organizing, Secretary of Education, Press and Propaganda, Vocal - Health Public Sector (three positions), Vocal - Health Private Sector, Vocal - Non Health Public Sector (three positions), and Vocal - Non Health Private Sector (one position), is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

Solis v Unión General de Trabajadores
Page 2

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Hilda L. Solis is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within the County of San Juan, Puerto Rico, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

7. Defendant, purporting to act pursuant to its Constitution and Rules conducted an election of officers on February 1, 2010, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

Solis v Unión General de Trabajadores
Page 3

8. By letter dated February 10, 2010, to the Committee of Eligibility, Credential and Voting (Eligibility Committee), the complainant, Oliver C. Espocetti, a member in good standing of the Defendant, protested the February 1, 2010 election.

9. The Eligibility Committee notified Espocetti of the Eligibility Committee's decision denying the protest by certified mail on March 15, 2010.

10. Espocetti appealed the decision of the Eligibility Committee to the Board of Directors by unsigned letter dated March 19, 2010.

11. By letter dated April 14, 2010, to Espocetti, the Board of Directors denied the appeal.

12. Espocetti appealed the decision of the Board of Directors to the General Membership by unsigned letter dated April 13, 2010, received on April 20, 2010.

13. Having invoked the remedies available under the Defendant's Constitution and Rules for three calendar months without receiving a final decision after invocation, Espocetti filed a timely complaint with the Secretary of Labor on June 7, 2010, within the one calendar month required under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

14. In a series of letters, the defendant agreed that the time in which the plaintiff may bring suit would be extended to February 18, 2011.

Solis v Unión General de Trabajadores
Page 4

15. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's February 1, 2010 election; and (2) that such violation had not been remedied at the time of the institution of this action.

16. Defendant violated section 401(g) of the Act, 29 U.S.C. § 481(g), during the conduct of its aforesaid election in that employer funds and resources were used to promote the candidacy of the slate of candidates led by incumbent secretary of organizing and candidate for president Manuel Perfecto Torres ("Perfecto slate") when Erasto Zayas Nunez ("Zayas"), an employer within the meaning of LMRDA section 402(e) of the LMRDA. 29 U.S.C. § 402(e), provided the Perfecto slate with advertising and design services without receiving payment for those services until after the election and the Department's investigation of the election complaint.

## CAUSE OF ACTION

17. The months during which the Perfecto slate failed to pay Zayas for advertising and design services constitutes an employer's interest free loan to the Perfecto slate and is prohibited use of employer funds under section 401(g) of the Act.

Solis v Unión General de Trabajadores
Page 5

18. The violations of section 401(g) of the Act (29 U.S.C. § 481(g)) may have affected the outcome of the Defendant's election for the offices of President, Vice President, Secretary-Treasurer, Sub Secretary-Treasurer, Secretary of Organizing, Secretary of Education, Press and Propaganda, Vocal - Health Public Sector (three positions), Vocal - Health Private Sector, Vocal - Non Health Public Sector (three positions), and Vocal - Non Health Private Sector (one (one position).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's election for the offices of President, Vice President, Secretary-Treasurer, Sub Secretary-Treasurer, Secretary of Organizing, Secretary of Education, Press and Propaganda, Vocal - Health Public Sector (three positions), Vocal - Health Private Sector, Vocal - Non Health Public Sector (three positions), and Vocal - Non Health Private Sector (one position) to be void;

(b) directing the Defendant to conduct a new election for those offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Solis v Unión General de Trabajadores
Page 6

    RESPECTFULLY SUBMITTED in San Juan, Puerto Rico, this 2nd day of March, 2011.

                        TONY WEST
                        Assistant Attorney General

                        ROSA EMILIA RODRÍGUEZ-VÉLEZ
                        United States Attorney

                        S/_Fidel A. Sevillano-Del Río_
                        FIDEL A. SEVILLANO-DEL RIO
                        Assistant U.S. Attorney
                        U.S.D.C.-P.R. 117812
                        Torre Chardón, Suite 1201
                        350 Carlos Chardón St.
                        San Juan, Puerto Rico 00918
                        Tel. (787) 766-5656
                        Fax  (787) 766-6219
                        E-mail fidel.sevillano@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

BEVERLY DANKOWITZ
Acting Associate Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

PATRICIA M. RODENHAUSEN
Regional Solicitor

KAREN TORRE
Attorney
U.S. Department of Labor