UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

SETH D. HARRIS,[1] Acting Secretary of Labor, :
United States Department of Labor
: Civil File No. 11-1234(ADC)
Plaintiff,
:

:

v :

:

UNION GENERAL DE TRABAJADORES,

Defendant. :

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of Settlement and Order dated February 21, 2012, in the United States District Court for the District of Puerto Rico, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.§§ 481-483), and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, therefore:

---

[1] This action was originally brought by Hilda L. Solis, former Secretary of Labor, designated Acting Secretary of Labor Seth D. Harris, is automatically substituted as party in accordance with Rule 25(d), Federal Rules of Civil Procedure.

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482 (c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

| | |
|---|---|
| Manuel Perfecto Torres | President |
| Myrnalee Lamboy Rivera | Vice President |
| Bienvenido Caraballo Moris | Secretary Treasurer |
| Nery Cruz Reyes | Sub Secretary Treasurer |
| Gerson Guzmán López | Secretary of Organizing |
| Mayra Rivera Cordero | Secretary of Education, Press & Propaganda |
| José Rodríguez Canales | Secretary of Health & Security |
| Carlos Lugo Cintrón | Vocal – Private Sector Non-Health |
| José Herrero Cintrón | Vocal – Private Sector Non-Health |
| Mayra González Hiraldo | Vocal – Public Sector Non-Health |
| Frank Berríos Morales | Vocal – Public Sector Non-Health |
| Elba Rivera Estrada | Vocal – Public Sector Non-Health |
| Jesús Ortiz Avilés | Vocal – Public Sector Health |
| Zaida Torres Cotto | Vocal – Public Sector Health |
| Ricky Díaz Ortiz | Vocal – Public Sector Health |

| | |
|---|---|
| Jaqueline Mateos Rivera | Vocal – Public Sector Health |
| Ramón Moctezuma Neris | Vocal – Private Sector Health |

Attached herewith is a declaration setting forth the protests concerning violations which were alleged to have occurred in the conduct of the election and the findings of the investigation of these protests.

Signed this 29th day of March, 2013.

*Patricia Fox*
Patricia Fox, Chief
Division of Enforcement
Office of Labor-Management Standards
U.S. Department of Labor

## DECLARATION OF PATRICIA FOX

I, Patricia Fox, am the Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). Pursuant to a Stipulation of Settlement and Order filed in the United States District Court for the District of Puerto Rico, on February 22, 2012, the Department supervised the election conducted by the Union General de Trabajadores (or Union), on January 27, 2013, for the offices of President; Vice President; Secretary-Treasurer; Sub Secretary-Treasurer; Secretary of Organizing; Secretary of Education, Press and Propaganda; Vocal – Health Public Sector (four positions); Vocal – Health Private Sector; Vocal – Non Health Public Sector (three positions); and Vocal – Non Health Private Sector (two positions). Prior to the completion of said election, four members of the union filed pre-election complaints with the Department alleging that Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act or LMRDA), 29 U.S.C. §§ 481-484, was violated during the conduct of the supervised election. The Department investigated the allegations. As a result of this investigation, as presented herein, I find that there was no violation of the Act. Following is an explanation of Department's finding.

On January 18, 2013, union member and insurgent candidate for President, Ramon Garcia, filed a complaint with the Department via email. The complaint alleged that incumbent Union President, Manuel Perfecto, discriminated against him by

disclosing in a radio interview Garcia's affiliation with the Puerto Rico Republican Party. Even if true, the alleged conduct does not violate the Act because the Act does not regulate a candidate's campaign speech. 29 C.F.R. §§ 452.70, 452.82, 452.105. There was no violation of the Act.

On January 23, 2013, union member, Ramon Garcia, again filed complaints with the Department via email. The complaints alleged the election was included as a topic for discussion on two union meeting agendas. Section 401(g) of the Act prohibits the use of union funds or employer funds to promote the candidacy of any person in an election subject to the LMRDA. The Act's prohibition in section 401(g) against union and employer campaign financing includes any cost incurred by a union or an employer, or any thing of value contributed by a union or an employer to promote the candidacy of any individual in an election. The investigation found that one meeting did not take place and that the shop steward and candidate who held the other left at the conclusion of the meeting to allow the members to discuss the election. There was no improper promotion of candidacy. There was no violation of the Act.

On January 24, 2013, union members, Sylvia Cancel, insurgent candidate for Vice President, and Ramon Garcia, filed a complaint with the Department via email. The complaint alleged that, during the election, union representatives were campaigning at ASSMCA – Medical Center and Puerto Rico Department of Labor worksites in Mayaguez. As explained above, section 401(g) of the Act prohibits the use of union or employer funds to promote the candidacy of any person in an election subject to the LMRDA. This allegation was not substantiated by the investigation. The investigation

found that neither Cancel nor Garcia witnessed the alleged activity at ASSMCA, but based their complaint on an anonymous telephone inquiry questioning them about the legality of candidates visiting employer sites and distributing campaign material. Further, the investigation found that the campaign material was distributed to the work sites in question during employees' breaks or was left for employees to pick up during their breaks. In addition, the steward at Puerto Rico Department of Labor offered to distribute Cancel and Garcia's campaign literature. Moreover, their campaign literature was seen at the ASSMCA worksite. There was no violation of the Act.

On January 25, 2013, a union member, Carlos Lugo, filed a complaint with the Department by letter. The complaint alleged that the union delegate at the Office of Environmental Health in Ponce campaigned for the insurgent slate on employer time. As explained above, section 401(g) of the Act prohibits the use of employer funds to promote the candidacy of any person in an election subject to the LMRDA. The investigation did not substantiate the allegation. The investigation found that Lugo visited the union delegate and saw someone leaving the delegate's office with insurgent campaign material and saw insurgent campaign material on the delegate's desk. Lugo did not witness and the investigation did not reveal that the delegate distributed campaign material on employer or union time. There was no violation of the Act.

On or about January 15, 2013, union member, Milton R. Ortiz, filed a complaint with the Department by letter. The complaint alleged that a man distributed insurgent campaign material at the Mental Health Division in Ponce while on employer time. As explained above, section 401(g) of the Act prohibits the use of employer funds to

promote the candidacy of any person in an election subject to the LMRDA. The investigation did not substantiate the allegation. The investigation found that Ortiz did not witness the man distributing the material and that Ortiz admitted that the distribution could have been done during the lunch break. Further, no coworkers could tell Ortiz when the material was distributed. There was no violation of the Act.

The Department has concluded from its investigation that the Union's January 27, 2013 election, conducted under the Department's supervision, was in compliance with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with the Union's Constitution and Bylaws. Therefore, no reason exists to overturn the results of this election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of March, 2013, Washington, District of Columbia.

*Patricia Fox*
Patricia Fox, Chief
Division of Enforcement,
Office of Labor-Management Standards,
United States Department of Labor